UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>RENE GLORIA,<br><br>  Defendant. | No. 5:19-CR-029-H |

## MEMORANDUM OPINION AND ORDER

Rene Gloria is serving a 396-month sentence for kidnapping. He has moved for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, his motion is denied.

**1.   The Offense Conduct**

Rene Gloria kidnapped two twelve-year-old boys from their front yard and proceeded to rape one of them. He told one of the victims, John Doe 1 (JD1), that he had a gun. He told him to take out his penis. When JD1 said that he was not gay, Gloria said he would make him so. Gloria told him that if he could touch JD1's penis, Gloria would not kill him. Gloria then ordered JD1 to perform oral sex on him, physically forcing JD1's face to Gloria's groin. Fearing for his life, JD1 relented. Gloria had no gun.

Gloria pleaded guilty and, having granted the government's request for an upward departure, the Court sentenced him to 396 months' imprisonment on September 6, 2019. Further details of the offense and Gloria's other conduct can be found in the PSR (Dkt. No. 45-1), in the government's motion for an upward variance (Dkt. No. 55), and the sentencing transcript, all of which the Court has reviewed in evaluating Gloria's motion.

2. **The Motion**

Gloria now asks the Court to reduce his sentence to time served. Dkt. No. 60 at 2. He suffers from a number of ailments, some of which are allegedly terminal, though he provides no support for that assertion. *Id.* at 3; *see* Dkt. No. 60-2 (medical records). He believes the 40 months he has served "has sufficiently met the purpose of sentencing after considering [his] extraordinary and compelling circumstances." *Id.* at 5.

3. **Governing Law**

District courts lack inherent authority to modify sentences. *See* 18 U.S.C. § 3582(c). Section 3582(c)(1)(A) confers that power in limited circumstances. As amended by the First Step Act of 2018, that Section provides that, "[a] court, on a motion by the [Bureau of Prisons ('BOP')] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see also id.* at 693 n.1.

When deciding whether to modify a term of imprisonment, the Court must "consider[] the factors set forth in [S]ection 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). But "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under [Section] 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *see* USSG § 1B1.13 & notes thereto. Even if a defendant shows extraordinary and compelling reasons, the Court can deny a motion for compassionate release based on the Section 3553(a) factors alone. *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021)

4.  Analysis

The Court will not dignify Gloria or waste taxpayer dollars by asking the government to prepare a response. Gloria says he has exhausted his administrative remedies. *See* Dkt. No. 60 at 2–3. If it turns out that he has not, the Court would deny his motion on that basis in addition those stated below.

The nature and circumstances of his offense compel the Court to deny Gloria's motion. This Court sees a regrettable number of crimes against children. Gloria's is one of the most appalling. To seek revenge for an unpaid debt, Gloria kidnapped two boys and sexually assaulted them. He attempted to do the same to another boy. And he extorted an adult male into performing similar sex acts. Gloria is an aggressive, dangerous sex offender who must be kept away from potential victims.

So, too, do Gloria's personal history and characteristics. Like the offense conduct, Gloria's criminal history is shocking. Before his conviction in this case, Gloria—then 57 years old—had spent 27 years in custody. He has had his parole revoked four times. He learned nothing from those decades of criminality. His recidivism demonstrates no respect for the law. And even if Gloria had no criminal history whatsoever, the danger he poses to society precludes his premature release—particularly given that Gloria has served just over 10% of his sentence. Any reduced sentence—particularly the time-served sentence he seeks—would not be a "just punishment." Because the Section 3553(a) factors weigh immutably and indisputably against granting Gloria's motion, it would be denied even if he demonstrated extraordinary and compelling reasons,

The Sentencing Guidelines and their commentary do not bind the Court; here they merely bolster the Court's conclusion. None of Gloria's medical conditions is extraordinary

nor is their aggregate effect and, in light of his conduct and history, none is compelling. *See* USSG § 1B1.13. He is 60 years old. PSR ¶ 64. His parents are long dead. *Id.* He has no minor children. PSR ¶ 66. COVID is irrelevant, not just because Gloria is vaccinated, Dkt. No. 60-2 at 48, but because the Court would have imposed the same sentence even if Gloria had been sentenced during the pandemic. Most of Gloria's ailments existed at the time of sentencing. *See* PSR ¶¶ 68–69. He was then and is now a sick man who has spent his life breaking the law and hurting other people. Under these circumstances, his motion is meritless and does not come close to justifying early release.

5. **Conclusion**

JD1's mother, through the AUSA, made a statement at sentencing:

> I am no stranger to tragedy. Before moving to the United States, I suffered great loss. My husband was murdered, savagely beaten to death when he refused to work for the cartels in Honduras. After he was murdered, the cartels threatened to kill me and my son.
>
> \* \* \*
>
> I am grateful for this country and the life it's given me. I am grateful that when my son was abducted, I could call the police and know they would find him. Still, I sometimes wish I never came here. As a mother, I must make peace with the choices I've made. In hindsight, had we stayed in Honduras, we would have almost certainly been killed. We could come here and my son be sexually assaulted. I don't know which would be better, but either way, I feel like I failed my son. I am asking you, Judge Hendrix, not to fail my son.

The victim's mother did not fail her son. Neither will the Court. The motion is denied.

So ordered on June 17, 2022.

_____
JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE